# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2010

No. 10-60552
Summary Calendar

Lyle W. Cayce
Clerk

JANICE D. NATHANIEL,

Plaintiff-Appellant

v.

MISSISSIPPI DEPARTMENT OF WILDLIFE, FISHERIES AND PARKS,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CV-549

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Janice D. Nathaniel ("Nathaniel") appeals the district court's order granting the Mississippi Department of Wildlife, Fisheries and Parks' (the "Department") motion for summary judgment and dismissing Nathaniel's sex discrimination, unlawful retaliation, and intentional infliction of emotional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60552

distress claims.[1] The district court concluded that Nathaniel failed to create a fact issue as to whether the defendant's reasons for not promoting Nathaniel were pretextual and failed to set forth evidence to support a prima facie case for retaliation. Nathaniel raises three issues on appeal: (1) whether the district court's opinion was based on a fundamental error of fact; (2) whether a genuine issue of material fact existed as to the Department's proffered reasons for not promoting Nathaniel; and (3) whether the district court erred in granting summary judgment to the Department on Nathaniel's retaliation claim. We conclude that the district court did not err in granting the Department's motion for summary judgment and in dismissing Nathaniel's claims, and, therefore, we AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Nathaniel began working for the Department on July 1, 2003, as a Park Worker I. Nathaniel's duties consisted of collecting fees at a ranger station. She inquired several times about opportunities for advancement and sought to be promoted to the position of Park Worker II, but she did not obtain a promotion. At the time she filed this lawsuit, Nathaniel was still employed by the Department in the position of Park Worker I.

In 2005, the Department hired Craig Belton ("Belton") as a part-time employee. In 2006, Belton indicated that he was interested in a full-time position and was promoted from his part-time position to a full-time Park Worker II position.

Nathaniel filed a sex discrimination charge with the Equal Employment Opportunity Commission ("EEOC") in January 2007, claiming that she was discriminated against because she "had been employed longer, [she and Belton] perform the same duties, and [she] can work any time, but [Belton] cannot

---

[1] Nathaniel did not appeal the dismissal of her intentional infliction of emotional distress claim, and this opinion does not address it.

No. 10-60552

because of his (8-5:00) primary job." The EEOC issued Nathaniel a right to sue letter on May 21, 2007.

Nathaniel filed suit on August 17, 2007 in Mississippi state court claiming that the Department violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), by unlawfully discriminating against her based on sex and unlawfully retaliating against her for bringing a sex discrimination claim. Nathaniel claimed that in December 2006, the Department retaliated against her by no longer allowing her to work in the office.[2] Otherwise, she stated that she retained the same job duties. Her complaint also included a claim for intentional infliction of emotional distress and punitive damages. The Department removed the lawsuit to the United States District Court for the Southern District of Mississippi on September 18, 2007.

After the parties conducted discovery, the Department moved for summary judgment, which the district court granted, entering a final judgment on May 25, 2010. Nathaniel timely appealed.

## II. STANDARD OF REVIEW AND JURISDICTION

We review a grant of summary judgment *de novo*, applying the same standard as the district court. *Gen. Universal Sys., Inc. v. HAL Inc.*, 500 F.3d 444, 448 (5th Cir. 2007). Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[3] The evidence must be viewed in the light most favorable to the non-moving party.

---

[2] Nathaniel contends that "As of December the 6th, I wasn't allowed to work back down in the office anymore." She does not explain how the failure to work in the office impacted her other duties or how the office duties were superior to any duties she retained.

[3] Effective December 1, 2010, Federal Rule of Civil Procedure 56 has been amended, and the summary judgment standard is now reflected in Rule 56(a). The amended Rule 56 contains no substantive change to the summary judgment standard. Therefore, we cite to the amended rule.

No. 10-60552

*TIG Specialty Ins. Co. v. Pinkmonkey.com, Inc.*, 375 F.3d 365, 369 (5th Cir. 2004).

## III. DISCUSSION

A.  <u>Whether the district court's opinion was based on a fundamental error of fact.</u>

Nathaniel contends that the district court erred in finding that Belton worked for the same employer for nine years because his previous employer—SMMH—was not a state agency.  We conclude that Nathaniel's first point of error is meritless.  The district court found that the fact that Belton had a longer history of working for a single employer was a legitimate, non-discriminatory reason for hiring Belton.  Belton's longest period of employment with a single employer was nine years, as opposed to Nathaniel's longest period of employment with one employer, which was three years.  The district court's decision to conclude that the Department's proffered reason constituted a non-discriminatory reason was not a "fundamental error of fact."  The Department relied on the longevity of prior employment in making its decision, and the district court properly concluded that it should not substitute its own judgment for that of the Department's when "evaluating what types of experience are most valuable for an employee . . . in the absence of proof that the standards were not consistently applied or were so irrational or idiosyncratic as to suggest a cover-up." *EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1446 (5th Cir. 1995).  We find it irrelevant whether Belton's prior employment was with a state agency or with a private entity and reject Nathaniel's first point of error.

B.  <u>Whether a genuine issue of material fact existed as to the Department's proffered reasons for not promoting Nathaniel.</u>

Nathaniel next argues that the district court erred in giving conclusive weight to the Department's proffered reasons for hiring Belton rather than Nathaniel, and that the court should have considered whether the Department's

4

No. 10-60552

reasons were pretextual.  The district court held that Nathaniel set forth a prima facie case for sex discrimination.  According to the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), once the plaintiff meets her burden of establishing a prima facie case, the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for the decision.  *Id.* at 802.  If the defendant does so, as the Department did in this case, the burden then shifts back to the plaintiff to show that the defendant's proffered reason is a pretext for unlawful discrimination.  *Id.* at 804.  Here, the Department offered the following reasons for promoting Belton over Nathaniel: his longer history of stable work discussed above, the fact that he had a college degree and Nathaniel did not, and a legislative directive to move part-time employees into full-time positions.  *See* Miss. State Bd. Policy & Procedures Manual, § 4.21.10 (Rev. Apr. 2004).

Nathaniel relies on *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), in which the Supreme Court held that "a plaintiff's prima facie case . . . , combined with sufficient evidence for a reasonable factfinder to reject the employer's nondiscriminatory explanation for its decision, is adequate to sustain a finding of liability for intentional discrimination."  *Id.* at 140, 147-49.  Nathaniel's reliance on *Reeves* is misplaced.  In *Reeves*, the plaintiff offered substantial evidence to discredit the defendant's proffered reason for firing the plaintiff.  *Id.* at 151-53.  Unlike *Reeves*, Nathaniel did not offer any evidence to discredit the Department's assertion that it hired Belton rather than Nathaniel because of a legislative directive, the fact that Belton had a college degree, and the fact that Belton had a more stable work history.

On appeal, Nathaniel argues that the Department failed to explain "why [it] could not meet this [legislative] directive by promoting [Nathaniel] to the position of Park Worker II and offering the full-time position of Park Worker I to Mr. Belton . . . ."  Nathaniel's argument, however, ignores the fact that the

No. 10-60552

Department was only required to provide a "legitimate, non-discriminatory reason" for not hiring Nathaniel; it was not required to persuade the court that "it had convincing, objective reasons for preferring the chosen applicant above the plaintiff." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256-57 (1981) (holding that "[t]he Court of Appeals . . . misconstrued the nature of the burden [of] *McDonnell Douglas* and its progeny" by placing "on the defendant the burden of persuading the court that it had convincing, objective reasons for preferring the chosen applicant above the plaintiff"). Instead, the "burden on the employer is only one of production, not persuasion, involving no credibility assessments." *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). The Department offered three legitimate, non-discriminatory reasons for hiring Belton, and Nathaniel failed to rebut these reasons. Therefore, we hold that the district court properly concluded that Nathaniel failed to raise any issue of material fact indicating that the Department's proffered reasons were pretextual.

C.   Whether the district court erred in granting summary judgment to the Department on Nathaniel's retaliation claim.

Finally, Nathaniel asserts that the district court erred in failing to find that a genuine issue of material fact existed with respect to Nathaniel's retaliation claim. Rule 56 makes clear that if, after a party has adequate time for discovery, it fails to provide evidence on one element of its prima facie case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). We conclude that the district court properly granted summary judgment to the Department on Nathaniel's retaliation claim because Nathaniel failed to provide evidence to support several elements of her prima facie case.

No. 10-60552

To establish a prima facie case for unlawful retaliation under Title VII, Nathaniel must show that: "(1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007). Nathaniel proved the first element, because bringing a sex discrimination claim is a protected activity. *See* 42 U.S.C. § 2000e-3(a); *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 63 (2006). However, Nathaniel failed to offer sufficient evidence as to the second and third elements of her prima facie case.

First, Nathaniel offered no evidence that not being allowed to work in the office after December 2006 constituted an adverse employment action. She has not explained what "working in the office" means and how it differs from anything else she still does. While it is true that a lateral reassignment may be actionable, it is not automatically so. *White*, 548 U.S. at 71. The plaintiff must demonstrate that "a reasonable employee would have found the challenged action materially adverse, which in this context means it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (internal quotations omitted). Instead, in her deposition, Nathaniel testified that she held the *same position*—fee collector at the ranger station—that she had when she started working for the Department. Therefore, Nathaniel's argument on this point fails, because she failed to offer any evidence to show that the Department's decision not to allow her to work in the office was a materially adverse action.[4]

---

[4] Additionally, the directive not to work in the office came before the event for which the retaliation allegedly occurred. The directive was December 6, while her claim of discrimination was not made until the following month. Her "mistaken perception" argument, *see Fogleman v. Mercy Hospital, Inc.*, 283 F.3d 561 (3d Cir. 2002), based on an alleged hearsay statement about "going to the Governor" made at an unknown time does not serve to resurrect this claim.

No. 10-60552

## IV.  CONCLUSION

The district court's judgment dismissing Nathaniel's claims is therefore AFFIRMED.